IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

UNITED STATES OF AMERICA,

                              Plaintiff,                             ORDER

  v.

                                                                   07-CR-089-S

MICHAEL MIKULEWICZ,

                              Defendant.
_____

Before the court are defendant Michael Mikulewicz's motions to produce Brandy Colegrove's mental health records (dkt. 8), to disclose Charles S. Frank's presentence report (dkt. 10), and to disclose the location of transactional witnesses (dkt. 12). The government opposes all three motions. For the reasons stated below, I am denying all three motions.

Brandy Colegrove will be testifying as a government witness regarding Mikulewicz's alleged participation in methamphetamine trafficking. At the time of the events about which Colegrove intends to testify, Colegrove apparently was a methamphetamine addict and agreed to get drug treatment as part of a deferred prosecution agreement. Mikulewicz points out that some methamphetamine users suffer from hallucinations, delusions and paranoia, which could affect their ability to process reality and recall events. Mikulewicz intends to cross-examine Colegrove on these points; to bolster his impeachment, he seeks access to any and all mental health records and drug treatment records regarding Colegrove. Colegrove, through the government, has declined voluntarily to provide medical, mental health, or treatment records to Mikulewicz or anyone else. The government avers that it does not have and never has had any such records.

The fact that the government never has possessed Colegrove's mental health or drug treatment records is fatal to Mikulewicz's motion. *See United States v. Hach,* 162 F.3d 937, 947 (7th Cir. 1998). The government cannot produce what it does not have, and Mikulewicz has no right under the rules of criminal procedure, any statute, or the Constitution, to force Colegrove to divulge these records. Colegrove's drug use and its affect on her ability to perceive and remember are fair game for cross-examination at trial–within whatever limits the court might set– but there is no basis for this court to order Colegrove to divulge her personal medical records to Mikulewicz.

As a corollary observation, this court has no power–and no inclination–to strike Colegrove as a witness based on her refusal to divulge records. She is not a party to this lawsuit and the impeachment value of treatment records is speculative and probably cumulative. *See, e.g., Davis v. Litscher,* 290 F.3d 943, 946-47 (7th Cir. 2002) (government must disclose evidence favorable to the accused and material to guilt, but the mere possibility that undisclosed information might have helped the defense or might have affected the outcome of trial does not establish materiality). Mikulewicz's motion for disclosure and inspection of Colegrove's records is denied.

Charles Frank also will be a government witness at trial. Frank was charged with methamphetamine trafficking offenses in February 2005 and negotiated a plea bargain in May 2005. On July 7, 2005, the probation office filed and served a confidential presentence investigation report on Frank. On August 3, 2005, the court sentenced Frank to almost 20 years in prison. Thereafter, the government moved for a downward departure motion that knocked

2

about a third off of this sentence. The government is disclosing its downward departure motion but has joined Frank in opposing disclosure of Frank's pretrial service report.

This court's long-standing policy–recently endorsed by the Seventh Circuit in *United States v. McGee*, 408 F.3d 966, 973-74 (7th Cir. 2005)–is that criminal defendants are not entitled to disclosure of presentence investigation reports on government witnesses. Even so, this court often will disclose the non-confidential parts of a requested PSR (which usually is useless to a defendant and not the part for which he is looking). It also routinely conducts an *in camera* review of the PSR to determine if there is any material impeaching information contained therein that would not be available to a defendant from any other source. *See United States v. McGee*, 408 F.3d at 974.

I have reviewed *in camera* Frank's PSR. I am prepared to release paragraphs 1-65 of this PSR, which essentially is the probation officer's recapitulation of information provided by the government. If the government avers that it already has provided this narrative to Mikulewicz, then there is no need for the court to provide it again. The government also should review paragraphs 122-23 of Frank's presentence report and advise the court, *ex parte*, if this information already has been provided to Mikulewicz. I surmise that it has; if not, then the government must provide this information forthwith to Mikulewicz. Nothing else in the report could be considered *Brady* material. Accordingly, Mikulewicz's motion for disclosure is granted in part in principle, pending the government's report back to the court.

This leaves Mikulewicz's motion to compel the government to disclose the location of specified government trial witnesses. As the government observes in opposition, there is no case law support for Mikulewicz's request and as a substantive matter, the specified witnesses will be available at trial for direct and cross examination. Therefore, Mikulewicz has no genuine *need* to locate and interview these witnesses pretrial, he simply wishes to do so in the interest of efficient trial preparation. This is a reasonable and logical motive, but it does not persuade this court to order the government to disclose how defendant may contact these witnesses directly before trial. (I presume the parties have rejected the usual compromise of the government delivering to each witness a sealed defense request to meet; if they haven't discussed this, then they should). In any event, Mikulewicz's motion to disclose the location of transactional witnesses is denied.

Entered this 23rd day of October, 2007.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge