IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN
_____

UNITED STATES OF AMERICA,

                Plaintiff,

   v.                                             ORDER

MICHAEL L. MIKULEWICZ,                07-CR-089-S

                Defendant.
_____

    Defendant Michael L. Mikulewicz was indicted on charges of maintaining a place to distribute methamphetamine, distributing methamphetamine and possessing with intent to distribute methamphetamine.  He moves to suppress evidence seized during a search of his Buick LeSabre.

    On September 13, 2007 the Honorable Stephen L. Crocker, United States Magistrate Judge, held an evidentiary hearing.  On October 19, 2007 he recommended that defendant's motion to suppress evidence be denied.

    On September 10, 2007 defendant's counsel filed objections to the report and recommendation.  Specifically, he objects to the Magistrate Judge's finding that Agent Ohm's affidavit was sufficient to support the issuance of a state search warrant for defendant's Buick LeSabre.

    Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court reviews the report and recommendation and finds as follows.

FACTS

Defendant Michael Mikulewicz lived with Brandy Colegrove. Colegrove was charged with misdemeanor theft on January 27, 2005 for stealing from defendant's club but they continued to live together.

On March 8, 2006, Colegrove went to the Washburn County Sheriff's Department to complain that Mikulewicz had engaged in nonconsensual videotaping of Colegrove and nonconsensual audio taping of her telephone calls with other people. Investigator Parenteau provided Colegrove with statement forms and sent her home to fill them out.

Colegrove returned that same afternoon with her mother and expanded on her allegations. Parenteau called DCI Agent Ohm. During the phone call, Investigator Parenteau advised Agent Ohm of Colegrove's pending theft case in which Mikulewicz's club was the victim. Investigator Parenteau put Agent Ohm on the speaker phone to participate in his interview of Colegrove and her mother. Colegrove provided Investigator Parenteau with one of the cassettes she had discovered that contained intercepted phone calls between her and other people. Investigator Parenteau listened to the tape.

Agent Ohm traveled to Washburn County the following day, March 9, 2006, to meet Colegrove. He listened to the audiotape of the phone calls that Colegrove alleged had been intercepted by Mikulewicz, satisfying himself that this actually was a set of unconsented interceptions.

Agent Ohm knew from Colegrove's admissions that she had been a methamphetamine user in the past; she also claimed to have been clean and sober for 4 months. Agent Ohm, a methamphetamine specialist familiar

with the symptoms of methamphetamine intoxication, saw no symptoms of drug use by Colegrove during their meeting.

Colegrove told Agent Ohm that defendant worked from the trunk of his car and that she had seen cassettes and videotapes in the trunk as recently as March 6, 2006. Agent Ohm prepared a search warrant affidavit which he presented to the county circuit court on March 9, 2007. *See* Gov. Exh. 3.  Ohm sought to search the Club, Mikulewicz's residence and his car for evidence related to the unlawful interception of communications, including tapes, discs and equipment used for oral interceptions, cameras, microphones, and equipment used surreptitiously to videotape patrons at the Club.  According to the affidavit, these items might constitute evidence of the unlawful interception of wire, electronic or oral communications, a felony pursuant to Wis. Stat. § 968.31(1)(a).  In support of his application, Agent Ohm repeated the gist of Colegrove's allegations and vouched for her reliability:

> Your affiant believes Ms. Brandi Colgrove [*sic*] is accurate and reliable, because she is a private citizen who has lived with Mr. Mikulewicz for the last three (3) years; because her allegations were corroborated by her mother, Ms. Beverly Colgrove, who is a long time citizen of Washburn County; *because Ms. Brandi Colgrove produced audio taped evidence confirming her allegations against Mr. Mikulewicz*; and because Ms. Colgrove has in the past provided statements against her own penal interest to your affiant.

Gov. Exh. 3 at ¶ 3, emphasis added.

Agent Ohm did not advise the court of Colegrove's pending theft charge or any information concerning Colegrove's possible retaliatory motive.

The state court issued the warrant that evening. Mikulewicz was subjected to a traffic stop and arrested; Agent Ohm, Investigator Parenteau and Investigator Pete Frey (a drug investigator) transported Mikulewicz's LeSabre to the sallyport of the county law enforcement center for a search.

MEMORANDUM

Defendant contends that the state warrant was invalid because Agent Ohm tainted his own affidavit by materially misrepresenting Colegrove's reliability and because there was insufficient evidence establishing that the LeSabre might contain evidence of unlawful interceptions.

To uphold a challenged search warrant, a reviewing court must find that the affidavit provided the issuing court with a substantial basis to determine the existence of probable cause. Probable cause to support a warrant exists if the affidavit sets forth sufficient evidence to induce a reasonably prudent person to believe that a search will uncover evidence of a crime. United States v. Watzman, 486 F.3d 1004, 1007 (7th Cir. 2007).

Defendant argues that Agent Ohm omitted specific information concerning Colegrove's reliability from the warrant application. This information included evidence of the pending theft charge against her. Defendant argues this information showed Colegrove had a retaliatory motive. . It is, however, irrelevant whether Agent Ohm included this information. An omission from a warrant affidavit is considered "material" if the court would not have authorized the warrant had it known the omitted facts. Shell v. United States, 448 F.3d 951, 954 (7th Cir. 2006).

Agent Ohm could have included in his warrant application every single impeaching fact-true or not-proffered by defendant against Colegrove and it would have not affected the court's probable cause determination because the police possessed and had listened to a recording of Colegrove's phone calls with third parties intercepted by Mikulewicz.

Agent Ohm provided sufficient information in his affidavit to establish probable cause that Mikulewicz repeatedly violated § 968.31(1)(a), and Agent Ohm did not withhold information that was genuinely material to the court's probable cause determination. Accordingly, the search warrant was valid.

Defendant next argues that Colegrove's statements were not sufficient to determine the nexus between defendant's alleged unlawful activity and the trunk of his vehicle. Colegrove said she had seen cassettes in the trunk of Mikulewicz's LeSabre within the past three days, and that Mikulewicz "worked out of his [trunk]." Although defendant says Colegrove made contradictory statements as to when she saw the tapes in the trunk of defendant's car and misspelled trunk as truck in her statement, the Magistrate Judge accepted Colegrove's statement that she had seen tapes on the trunk of defendant's vehicle on March 6, 2006 as accurate. The Court accepts this finding.

Based on Colegrove's statements, it was constitutionally reasonable for the state court to authorize the search of any location under Mikulewicz's control in which audio or video cassettes recently had been seen. The search of defendant's vehicle did not violate his Fourth Amendment rights. Accordingly, the Court adopts

5

the Magistrate's report and recommendation to deny the defendant's motion to suppress evidence. Defendant's motion to suppress evidence will be denied.

ORDER

IT IS ORDERED that the recommendation of the Magistrate Judge to deny defendant's motion to suppress evidence is ADOPTED.

IT IS FURTHER ORDERED that defendant's motion to suppress evidence is DENIED.

Entered this 30th day of October, 2007.

BY THE COURT:

/s/

_____
JOHN C. SHABAZ
District Judge